(20 Misc. Rep. 345.)

### HOWE v. BOORUM & PEASE CO.

(Supreme Court, Appellate Term. May 28, 1897.)

DAMAGES FOR PERSONAL INJURIES—WHEN NOT EXCESSIVE.

A verdict for $150 is not excessive where a bone in plaintiff's foot was broken, and he was thereby kept from his work for 18 days, at a loss of $36 to $38.

Appeal from First district court.

Action by James Howe against the Boorum & Pease Company. From a judgment in favor of plaintiff for $150 damages, besides costs, defendant appeals. Affirmed.

Argued before DALY, P. J., and McADAM and BISCHOFF, JJ.

Henry C. Perkins, Henry H. Abbott, and Perkins & Jackson, for appellant.

O'Sullivan & Sweeney, for respondent.

DALY, P. J. It clearly appeared from the evidence that the injury sustained by plaintiff was caused by the negligence of defendant's truckman, without any contributory negligence of plaintiff. The plaintiff was employed on the dock of the Pennsylvania Railroad Company as a weigher, and his duties required him to be where heavy packages were unloaded from trucks to be weighed. The defendant's truckman arrived with a load, and backed up his truck to a point 6 to 10 feet distant from plaintiff, who was busied with the

goods from another truck, which had previously arrived and was unloading. The defendant's truckman, without waiting his turn, began to unload, and a heavy case which he pushed off his truck fell against the plaintiff, or against another case, knocking it over against the plaintiff, whose back was turned at the moment. The mere statement of the facts justifies a recovery of damages by the plaintiff. He was awarded $150, and it is claimed to be excessive. He stated that a bone in his foot was broken, as he was informed by the surgeon at the hospital where he was treated. No objection to this testimony was made, and we may assume that the evidence was allowed as a substitute for the surgeon's testimony. The plaintiff was kept from his work for 18 days, entailing a loss of wages of $36 to $38. He was allowed $150 altogether, and, if we disturb the award, it must be because we deem $112 excessive compensation for the pain and suffering caused by the injury; but we cannot say that it was.

Judgment affirmed, with costs. All concur.